**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**LISA M. ROBERTSON-FURRY,**

    Plaintiff,

v.                                                                          **Civil Action No. 3:10-CV-110
(BAILEY)**

**MICHAEL J. ASTRUE,
Commissioner of Social
Security,**

    Defendant.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

**I.**     **Introduction**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge John S. Kaull [Doc. 17] and the defendant's Objections thereto [Doc. 18]. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections permits the district court to review the R&R under the standards that the district court believes are appropriate, and under these circumstances, the parties' right to *de novo* review is waived. See **Webb v. Califano,** 468 F.Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will conduct a *de novo* review only as to those portions of the R&R to which the plaintiff objected. The remaining portions of the R&R will be reviewed for clear error. As a result, it is the opinion of this Court that the R&R should be **ADOPTED**.

1

## II. **Background**

On October 29, 2010, the plaintiff filed her Complaint [Doc. 1] seeking judicial review of an adverse decision by the Commissioner of Social Security pursuant to 42 U.S.C. §§ 405(g) and 1381(c)(3). Pursuant to the Local Rules, this case was referred to Magistrate Judge Kaull for a recommended disposition. On February 2, 2011, and March 3, 2011, the plaintiff and the defendant filed their respective motions for summary judgment [Docs. 13 & 15]. In support of her motion, the plaintiff asserts two claims of error on the part of the Administrative Law Judge ("ALJ"). In his motion, the defendant responds to each claim and argues that the ALJ's decision is supported by substantial evidence.

First, the plaintiff asserts that the ALJ erred by failing to attribute proper weight to the opinions of her treating sources. In particular, the plaintiff's primary care physician, Courtney Struthers, M.D., and a pain management provider named Carlton McClellan each prepared a medical source statement opining on the plaintiff's functional limitations. Both individuals opined that the plaintiff could stand or walk fewer than two hours and sit fewer than six hours in an eight-hour workday. Nevertheless, the ALJ found that the plaintiff could stand or walk for two hours and sit for six hours in an eight-hour workday. According to the plaintiff, the ALJ failed to adequately explain why he rejected Struthers' opinion, while neglecting to even mention the opinion of McClellan. Second, the plaintiff asserts that the ALJ's resultant residual functional capacity assessment ("RFC") and hypothetical to the vocational expert ("VE") were not supported by substantial evidence.

In response, the defendant argues that the ALJ considered Struthers' opinion and gave legally proper reasons for the weight given the opinion. As for McClellan, the defendant argues that the a physician's assistant is not an acceptable medical source the

opinion of whom the ALJ was required to consider. Consequently, the defendant argues that the ALJ's RFC assessment and hypothetical to the VE are supported by substantial evidence.

On August 3, 2011, Magistrate Judge Kaull accepted both of the plaintiff's claims of error and recommended that the plaintiff's motion be granted, that the defendant's motion be denied, that the ALJ's decision be reversed, and that this matter be remanded for further proceedings. ([Doc. 17] at 38). First, the magistrate judge concluded that the ALJ erred by failing to provide sufficiently specific reasons for attributing little weight to the Struthers opinion or any discussion of the McClellan opinion. (Id. at 37). Specifically, the magistrate judge considered the ALJ's statement that the Struthers opinion was "not consistent with his treatment notes but appears to be based on the claimant's subjective complaints" insufficiently specific to comply with 20 C.F.R. § 404.1527 or Social Security Ruling 92-2p. (Id. at 35-37). In addition, the magistrate judge found that though the defendant may be correct that the ALJ was not required to consider the McClellan opinion because a physician's assistant is not an acceptable medical source, there is no indication of such analysis in the ALJ's decision. (Id. at 32-35).

## III. **Applicable Standards**

### A. **Judicial Review of an ALJ Decision**

"Judicial review of a final decision regarding disability benefits is limited to determining whether the findings . . . are supported by substantial evidence and whether the correct law was applied. See 42. U.S.C. § 405(g). 'The findings . . . as to any fact, if supported by substantial evidence, shall be conclusive.' **Richard v. Perales**, 402 U.S. 389, 390, 91 S.Ct. 1420, 1422 (1971); **Coffman v. Bowen**, 829 F.2d 514, 517 (4th Cir. 1987).

The phrase 'supported by substantial evidence' means 'such relevant evidence as a reasonable person might accept as adequate to support a conclusion.' See **Perales**, 402 U.S. at 401, 91 S.Ct. at 1427 (citing **Consolidated Edison Co. v. NLRB**, 305 U.S. 197, 229, 59 S.Ct. 206, 216 (1938)). Substantial evidence . . . consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance . . .. Thus, it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment . . . if the decision is supported by substantial evidence. See **Laws v. Celebrezze**, 368 F.2d 640, 642 (4th Cir. 1966); **Snyder v. Ribicoff**, 307 F.2d 518, 529 (4th Cir. 1962). Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence. **King v. Califano**, 599 F.2d 597, 599 (4th Cir. 1979). 'This Court does not find facts or try the case *de novo* when reviewing disability determinations.' **Seacrist v. Weinberger**, 538 F.2d 1054, 1056-57 (4th Cir. 1976)." **Hays v. Sullivan**, 907 F.2d 1453, 1456 (4th Cir. 1990).

**B.  Five-Step Evaluation Process**

To determine whether a claimant is disabled, the ALJ considers the following five-step evaluation process:

Step One:   Determine whether the claimant is engaging in substantial gainful activity;

Step Two:   Determine whether the claimant has a severe impairment;

Step Three: Determine whether the claimant has a listed impairment (20 C.F.R. Part 404, Subpart P, Appendix 1) and conduct a Residual Functional Capacity ("RFC") assessment;

Step Four:  Consider the RFC assessment to determine whether the claimant can perform past relevant work; and

Step Five: Consider the RFC assessment, age, education, and work experience to determine whether the claimant can perform any other work.

See 20 C.F.R. § 404.1520 (2011).

## IV. Discussion

In his Objections [Doc. 18], timely filed on August 15, 2011, the defendant takes issue with the analysis of the magistrate judge. The Court will address these objections as they relate to each of the plaintiff's claims of error discussed above. In so doing, the Court will determine, *de novo*, whether either claim of error necessitates a finding that the ALJ's decision is not supported by substantial evidence.

### A. ALJ's Consideration of Treating Source Opinions

#### 1. Struthers Opinion

In her motion, the plaintiff asserts that the ALJ failed to properly consider the treating source opinion of Courtney Struthers, M.D., the plaintiff's primary care physician. The magistrate judge accepted this assertion. The defendant objects to the magistrate judge's conclusion. For the reasons set out below, and those more fully stated in the R&R, this Court **OVERRULES** the defendant's Objections insofar as they relate to the ALJ's consideration of the Struthers opinion.

In evaluating the opinions of treating sources, an ALJ must generally give more weight to the opinion of a treating physician because the physician is most able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. See 20 C.F.R. § 404.1527(d)(2). Nevertheless, a treating physician's opinion is afforded "controlling weight only if two conditions are met: (1) that it is supported by clinical and laboratory diagnostic techniques and (2) that it is not inconsistent with other substantial evidence." **Ward v.**

*Chater*, 924 F.Supp. 53, 55 (W.D. Va. 1996); see also 20 C.F.R. § 404.1527(d)(2).

If the ALJ determines that a treating physician's opinion should not be accorded controlling weight, the ALJ must then analyze and weigh all the evidence of record, taking into account the factors listed in 20 C.F.R. § 404.1527(d)(2)-(6). These factors include: (1) length of the treatment relationship and frequency of evaluation, (2) nature and extent of the treatment relationship, (3) supportability of the opinion, (4) consistency between the opinion and the record as a whole, (5) whether the treatment source is opining within his or her specialization, and (6) any other factors which tend to support or contradict the opinion. In addition, the regulations state that the Commissioner "will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." § 404.1527(d)(2). In this regard, Social Security Ruling 96-2p provides that those decisions "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p, 1996 WL 374188, *5.

On May 12, 2008, Dr. Struthers completed a medical source statement opining that, because of the plaintiff's degenerative disc disease, she could stand or walk fewer than two hours and sit fewer than six hours in an eight-hour workday. (See [Doc. 11-9] at 78-79). Despite this treating source opinion, the ALJ concluded that the plaintiff could stand or walk for two hours and sit for six hours in an eight-hour workday. ([Doc. 11-2] at 17).

In considering Dr. Struthers' opinion, the ALJ stated in whole:

The medical source statement submitted by Dr. Struthers, dated May 12, 2008, cannot be given great weight and adopted in this assessment because his [sic] assessment is not consistent with his [sic] treatment notes but appears to be based on the claimant's subjective complaints.

6

(Id. at 19).

Upon careful consideration, this Court concludes that the above-quoted analysis fails to comply with the specificity requirements of 20 C.F.R. § 404.1527 and Social Security Ruling 96-2p. In so concluding, this Court is persuaded by a comparison to the analysis of another ALJ which was recently upheld in *Cramer v. Astrue*, 2011 WL 4055406 (D. S.C. Sept. 12, 2011). There, a primary care physician named Edward Giove opined that the claimant had difficulty standing, walking, or sitting for extended periods of time due to degenerative disc disease of the cervical and lumbar spine. *Id.* at *6. Nevertheless, the ALJ found that the claimant could stand six hours in an eight-hour day, walk six hours in an eight-hour day, and sit six hours in an eight-hour day. *Id.* at *17. In deciding to give little weight to Dr. Giove's opinion, the ALJ determined that the opinion regarding the claimant's functional limitations was not consistent with Dr. Giove's own treatment notes. *Id.* at 26-27. Specifically, the ALJ stated as follows:

> Dr. Giove's treatment notes from November 2006 reflect the claimant reported improvement of her back pain from prescribed medication. Although the claimant saw Dr. Giove for treatment of other conditions after November 2006, there are no documented reports of her back pain in the record until September 2007. In October 2007, the claimant underwent an MRI of the cervical spine, which revealed degenerative disc disease at C3-C4 through C7-T1. However, in November 2007, Dr. Giove noted the claimant denied back pain at that time.

*Id.* at 28-29. The court in *Cramer* found that with this analysis "the ALJ sufficiently described his reasons for giving Dr. Giove's opinion limited weight . . .." *Id.* at 29.

Upon thoughtful consideration, this Court is of the opinion that only an analysis like the one in *Cramer* is sufficiently specific to comply with 20 C.F.R. § 404.1527 and Social Security Ruling 96-2p. When compared to the analysis in *Cramer*, the reasoning of the

7

instant ALJ for attributing little weight to Dr. Struthers' opinion falls woefully short. Instead of outlining the specific treatment notes that were inconsistent with Dr. Struthers' opinion, the ALJ here leaves this Court with the responsibility of identifying those notes. However, this Court will not affirm an ALJ based upon its own *post hoc* rationalizations. See **Secs. & Exch. Comm'n v. Chenery**, 332 U.S. 194, 196 (1947) ("[A] reviewing court . . . must judge the propriety of [agency] action solely on the grounds invoked by the agency."). As such, this Court cannot conclude that the ALJ's decision to attribute little weight to Dr. Struthers' opinion is supported by substantial evidence. Accordingly, this Court agrees with the magistrate judge's recommendation that this matter should be remanded to allow the ALJ to state sufficiently specific reasons for his consideration of Dr. Struthers' opinion.

### 2. McClellan Opinion

Similarly, the plaintiff asserts that the ALJ failed to properly consider the treating source opinion of Carlton McClellan, a pain management provider. The magistrate judge accepted this assertion. The defendant objects to the magistrate judge's conclusion. For the reasons set out below, and those more fully stated in the R&R, this Court **OVERRULES** the defendant's Objections insofar as they relate to the ALJ's consideration of the McClellan opinion.

As state above, section 404.1527 of the regulations governs an ALJ's consideration of the medical opinion given by a treating source. See 20 C.F.R. § 404.1527(d). That regulation defines "medical opinions" as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about[, *inter alia*,] what [the claimant] can still do despite impairment(s) . . .." § 404.1527(a)(2). The regulations further explain that "acceptable medical sources" are licensed physicians, licensed or certified

psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists.  See § 404.1513(a)(1)-(5).  Finally, the regulations provide that a medical source statement about what a claimant can still do despite his or her impairment(s) should be "based on the acceptable medical source's findings" that are supported by a combination of medical history, clinical findings, laboratory findings, diagnoses, and prognoses.  See § 404.1513(b); see also SSR 96-5p, 1996 WL 374183, *4 ("Medical source statements are medical opinions submitted by acceptable medical sources.").

On April 22, 2008, McClellan completed a medical source statement opining that, because of the plaintiff's lumbar radiulopathy, she could stand or walk fewer than two hours and sit fewer than six hours in an eight-hour workday.  (See. [Doc. 11-9] at 82-83).  In concluding that the plaintiff could stand or walk for two hours and sit for six hours in an eight-hour workday, the ALJ made no mention of McClellan's medical source statement. (See [Doc. 11-2] at 17-19).

The defendant alleges that McClellan is a physician's assistant and, as such, that he is not an acceptable medical source.  Thus, the defendant argues, the ALJ could not have erred by electing not to consider the medical source statement prepared by McClellan.  Though this Court tends to agree based upon the authority outlined above, the ALJ made neither a factual finding below that McClellan is a physician's assistant nor a legal conclusion that he declined to consider the McClellan opinion for that reason.  *See* **Hays v. Sullivan**, 907 F.2d 1453, 1456 (4th Cir. 1990) ("Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence.") (citing **King v. Califano**, 599 F.2d 597, 599 (4th Cir. 1979)).  Therefore, this Court cannot conclude that the ALJ's decision

not to consider the McClellan opinion is supported by substantial evidence. Accordingly, this Court agrees with the magistrate judge's recommendation that this matter should be remanded to allow the ALJ to state sufficiently specific reasons for his failure to consider the McClellan opinion.

**B.     ALJ's Formulation of RFC Assessment and VE Hypothetical**

Finally, the plaintiff asserts that the ALJ's resultant RFC assessment and VE hypothetical are unsupported by substantial evidence. The magistrate judge accepted this assertion. The defendant objects to the magistrate judge's conclusion. For the reasons set out below, and those more fully stated in the R&R, this Court **OVERRULES** the defendant's Objections insofar as they relate to the ALJ's RFC assessment and VE hypothetical.

The regulations define a claimant's RFC as "the most [a claimant] can still do despite [his or her] limitations." See 20 C.F.R. § 1545(a)(1). In assessing a claimant's RFC, an ALJ will consider "all of the relevant medical and other evidence," such as "any statements about what [the claimant] can still do that have been provided by medical sources . . . ." § 404.1545(a)(3). This includes statements about the claimant's ability to "perform certain physical demands of work activity, such as sitting, standing, [and] walking . . . ." § 404.1545(b). Upon formulating a claimant's RFC, the ALJ must determine whether a significant number of jobs exist in the national economy that have requirements which the claimant is able to meet despite his or her RFC. See § 404.1566(b). In so determining, the ALJ may use the services of a vocational expert, who may offer expert testimony in response to a hypothetical question about whether a person with the claimant's RFC can meet the demands of his or her past relevant work or other suitable work in the national

10

economy.  See §§ 404.1560(b, (c), and 404.1566(e).

Here, the ALJ determined that the plaintiff could sit for six hours in an eight-hour workday and stand or walk for two hours in an eight-hour workday.  The ALJ then posed a hypothetical to the VE that included those physical limitations.  However, because this Court cannot conclude that the ALJ's consideration of the claimant's treating source opinions is supported by substantial evidence, this Court also cannot find that the ALJ's RFC assessment and VE hypothetical are supported by substantial evidence.  Accordingly, this Court agrees with the magistrate judge's recommendation that this matter be remanded to allow the ALJ to reformulate his RFC assessment and VE hypothetical only after more properly explaining his consideration of the Struthers and McClellan opinions.

## IV.    Conclusion

Upon careful consideration, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 17]** should be, and hereby is, **ADOPTED**.  Further, the defendant's Objections **[Doc. 18]** are **OVERRULED**.  Therefore, this Court **ORDERS** that the defendant's Motion for Summary Judgment **[Doc. 15]** is hereby **DENIED** and the plaintiff's Motion for Summary Judgment **[Doc. 13]** is hereby **GRANTED**.  As such, the decision of the ALJ is hereby **REVERSED** under sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(c), and this matter is hereby **REMANDED** to the Commissioner for further proceedings consistent with this Order.  Accordingly, the Court hereby **ORDERS** that this matter be **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

**DATED**: October 3, 2011.

JOHN PRESTON BAILEY  
UNITED STATES DISTRICT JUDGE